**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MIKE PITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-96-GKF-PJC |
| ) | |
| ELECTRICAL POWER SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the defendant's motion to review the Clerk of Court's taxation of costs. **Dkt. 65**. The Clerk of Court taxed costs in favor of the defendant, Electrical Power Systems, Inc. ("EPSI") in the amount of $3,621.66. The costs associated with the videotaping of the Plaintiff's deposition and the cost of purchasing a DVD copy of that recording were not included in that amount. EPSI now seeks review of the Clerk of Court's decision to exclude the costs associated with the videotaping of the Plaintiff's deposition from the taxation of costs. For the reasons set forth in this order, EPSI's motion is GRANTED.

On February 21, 2008, Mike Pitts filed a complaint in this court alleging that EPSI (1) failed to comply with FMLA requirements and terminated his employment in violation of the FMLA, (2) wrongfully terminated his employment in violation of Oklahoma public policy, and (3) negligently or intentionally caused him emotional distress. Dkt. 1. After a hearing held on January 16, 2009, this court granted EPSI's motion for summary judgment on all three claims, terminating this case. Dkt. 53, 54.[1] Thereafter, EPSI filed a bill of costs pursuant to Fed. R. Civ. P. 54(d), which provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs. . . should be

---

[1] A notice of appeal was entered on February 13, 2009. Dkt. 59. The appeal was dismissed on September 9, 2009. Dkt. 70.

allowed to the prevailing party." Dkt. 55.  EPSI requested reimbursement for various costs totaling $5,329.16, including $1,222.50 for videorecording services during Mr. Pitts's deposition, and $485.00 for the purchase and delivery of a series of DVDs recording that deposition.  Dkt. 55-1 at 1; Dkt. 55-2 at 4, 7.  Mr. Pitts filed an objection to EPSI's bill of costs, arguing that EPSI's decision to record his deposition was purely strategic, that the videorecording of his deposition was not necessary to EPSI's case, and that he should not be taxed with the costs of recording his deposition and obtaining copies of that recording.  Dkt. 57.

On February 24, 2009, the Clerk of Court entered an order taxing costs in the amount of $3,621.66 in favor of EPSI.  Dkt. 64.  That award excluded the cost of videorecording Mr. Pitts's deposition and the cost of obtaining a copy of that recording.  EPSI subsequently filed this motion seeking review of the Clerk of Court's order.  Dkt. 65.  EPSI claims that it is entitled to recover the costs associated with recording and obtaining a copy of Mr. Pitts's deposition.  It asks this court to overrule the Clerk of Court's order and to award EPSI all of the costs requested in its bill of costs.

According to EPSI, a prevailing party is presumptively entitled to recover costs–including costs related to videorecorded depositions–under Fed. R. Civ. P. 54(d).  It submits that, because Mr. Pitts was the most important witness in the case before the court, it was proper to "'prepare for all contingencies'" by obtaining a videorecording Mr. Pitts's deposition.  Dkt. 65 at 3 (quoting *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998)).  It suggests that the videorecording may have been utilized had the case proceeded to trial, and asserts that "[t]he fact that [it] prevailed prior to trial should not preclude recovery of all proper costs."  *Id.*

In his response, Mr. Pitts notes that EPSI requested costs for both the transcription and the videorecording of his deposition.  Mr. Pitts does not dispute his obligation to pay for the cost of

–2–

transcribing his deposition or the cost of copying that transcript. Instead, he asserts only that he should not be required to pay for the costs associated with recording his deposition. He notes that the video of the deposition was not presented to the court in support of EPSI's motion for summary judgment. He further argues that it is unlikely that the video would have been used had the case proceeded to trial. Accordingly, he concludes, he should not be required to pay for EPSI's decision to make an unnecessary videorecording of his deposition.

This court has discretion to include the cost of fees associated with videorecording a deposition in an award of costs. According to 28 U.S.C. § 1920(2), a district court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Section 1920(2) does not, by its terms, specify that the costs associated with videorecording a deposition are taxable; nevertheless, because Federal Rule of Civil Procedure 30(b)(3) permits a litigant to record a deposition "by audio, audiovisual, or stenographic means," Fed. R. Civ. P. 30(b)(3)(A), the taxing of such costs is implicitly authorized under the statute so long as it was necessarily obtained for use in the case. *See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997) ("Interpreting section 1920(2) in conjunction with Rule 30(b)(2)-(3), we hold section 1920(2) implicitly permits taxation of the costs of video depositions.").[2]

---

[2] In *Tilton*, the Tenth Circuit recognized that the then-current version of § 1920(2) "[did] not explicitly provide for the taxation of costs associated with video depositions." *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997). Nevertheless, the court concluded that the taxation of the costs of videorecording depositions was implicitly authorized by the statute when viewed in conjunction with the then-current version of Federal Rule of Civil Procedure 30(b)(2)-(3). *Id.*

Both § 1920(2) and Rule 30 have been amended in the years following the Tenth Circuit's decision in *Tilton*. Nevertheless, this court concludes that the reasoning and analysis applied in *Tilton* are still applicable. The language of the current version of § 1920(2) is broader than the language of its 1997 counterpart. *Compare* 28 U.S.C. § 1920(2) (2008) (permitting a court to tax as costs "[f]ees for printed or electronically recorded transcripts"), *with* 28 U.S.C. § 1920(2) (1997)

Having concluded that the court *may* tax as costs the fees for videorecorded deposition testimony, the next inquiry is whether those fees *should* be awarded to the prevailing party. As a general rule, "costs–other than attorney's fees–*should* be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1) (emphasis added). "Rule 54 creates a presumption that the district court will award costs to the prevailing party," and a district court "must provide a valid reason for" declining to do so. *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995). A court must, however, give careful scrutiny to items proposed as costs by the prevailing party. *See In re Williams Securities Litigation–WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009).

Contrary to Mr. Pitts's assertions, the question of whether the videorecording was necessarily obtained for use in this case does not turn on whether EPSI actually used the recording in the proceedings before this court. *See U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988) ("Though use at trial by counsel or the court readily demonstrates necessity, if materials or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award the recovery of costs." (citation omitted)), *overruled on other grounds as recognized in Allison v. Bank One–Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). In

---

(permitting a court to tax as costs "[f]ees of the court reporter for all or any part of the stenographic transcript"). In addition, the language of the current version of Rule 30 is substantially similar to its 1997 counterpart. *Compare* Fed. R. Civ. P. 30(b)(3) (2008) (providing that deposition "testimony may be recorded by audio, audiovisual, or stenographic means"), *with* Fed. R. Civ. P. 30(b)(2) (1997) (providing that a deposition "may be recorded by sound, sound-and-visual, or stenographic means"), *quoted in Tilton*, 115 F.3d at 1477 n.2; *see also* Fed. R. Civ. P. 30 advisory committee's note (2007 amendments) ("The language of Rule 30 has been amended as part of the general restyling of the Civil Rules . . . . These changes are intended to be stylistic only."). Given the expansion of § 1920(2) and the similarities between the current version of Rule 30 and its 1997 counterpart, this court concludes that the holding of *Tilton* has survived the recent amendments to § 1920 and Rule 30, and that the costs associated with videorecording a deposition may be taxed in an award of costs.

cases where a motion for summary judgment is granted, certain materials obtained in preparation for trial may not be utilized; but this does not mean that the materials were not necessarily obtained for use in the case. This court may not "employ the benefit of hindsight in determining whether materials . . . [were] reasonably necessary to the litigation of the case," but must determine whether a certain expense was necessary "base[d] . . . solely on the particular facts and circumstances at the time the expense was incurred." *In re Williams Securities Litigation*, 558 F.3d 1144, 1148 (10th Cir. 2009) (citations and quotation marks omitted).

EPSI correctly points out that, at the time it deposed Mr. Pitts, it had no way of knowing whether the case would proceed to trial. EPSI did believe, however, that Mr. Pitts was "the most important witness in [the] case." Dkt. 65 at 3. It also had reason to suspect that, if the case were to proceed to trial, Mr. Pitts's credibility would be a crucial issue.[3] Therefore, EPSI elected to record Mr. Pitts's deposition so that it could (1) introduce the recording in the event that Mr. Pitts was prevented from testifying, and (2) use the recording to impeach Mr. Pitts's testimony. Dkt. 58 at 3. Given the presumption favoring the award of authorized costs to prevailing parties, *see U.S. Industries, Inc.*, 854 F.2d at 1245, the importance of Mr. Pitts's testimony, and the likelihood that EPSI would seek to impeach Mr. Pitts's credibility at trial, this court cannot say that it was not "reasonably necessary" to record Mr. Pitts's deposition. *See Taylor v. Hewlett-Packard Co.*, No. 06-CV-00471-LTB, 2008 WL 205612 at *1 (D. Colo. 2008) (unpublished) ("As Defendant notes, when the credibility of a plaintiff is a critical issue, a videotape of the plaintiff's deposition is useful

---

[3] For example, in his complaint, Mr. Pitts alleged that his employment ended "completely unexpectedly and without any warning," Dkt. 1, ¶ 8, that he relied on EPSI's misrepresentation, Dkt. 1, ¶ 11, and that EPSI's conduct caused Mr. Pitts extreme emotional distress, Dkt. 1, ¶ 36. At the time Mr. Pitts's deposition was taken, it would have been reasonable for EPSI to conclude that it would be necessary to impeach Mr. Pitts's credibility at trial.

for the purposes of examining and impeaching his testimony."). Therefore, EPSI is entitled to both the award of $3,621.66 previously taxed against Mr. Pitts and an award of $1,707.50 for the payment of fees associated with videotaping Mr. Pitts's deposition and purchasing a copy of that recording.

**IT IS THEREFORE ORDERED** that the Motion to Review Taxation of Costs, **Dkt. 65**, is GRANTED. The order of costs entered by the Clerk of Court on February 24, 2009, **Dkt. 64**, should be increased to include an additional award of $1,707.50. This court orders that, in addition to the amount set forth in the Clerk of Court's order, the amount of $1,707.50 is taxed as costs in favor of defendant Electrical Power Systems, Inc. and against plaintiff Mike Pitts, for a net award of $5,329.16.

**DATED** this 10th day of November 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma